FILED'07 JUN 26 15:42USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

SUSAN A. JONES,  )
 ) Civ. No. 06-3096-PA
         Plaintiff,  )
 ) **OPINION AND ORDER**
   v.  )
 )
CHARLES PORE, et al.,  )
 )
         Defendants.  )

**PANNER, J.**

Plaintiff Susan A. Jones, formerly known as Susan A. Parmelee, brings this action under 42 U.S.C. § 1983 against defendants Charles Pore, Deputy Sheriff for Lake County; Philip McDonald, Sheriff for Lake County; Lake County; James Parmelee, plaintiff's former husband; Deanne E. Fulstone, James Parmelee's girlfriend; and Perry and Lois Parmelee, James Parmelee's parents.  I will refer to James Parmelee, Deanne Fulstone, Perry Parmelee, and Lois Parmelee collectively as the Parmelee defendants, and to Deputy Pore, Sheriff McDonald, and Lake County collectively as the Lake County defendants.

Plaintiff's claims stem from the dissolution of her marriage

1 - OPINION AND ORDER

to James Parmelee. Plaintiff alleges that during and after divorce proceedings, the Parmelee defendants conspired with the Lake County defendants to deprive her of constitutional rights.

The Parmelee defendants move to dismiss the claims against them. I grant their motion to dismiss with prejudice.

## BACKGROUND

### I. Plaintiff's Prior Action

This is plaintiff's second lawsuit against these defendants. See Parmelee v. Pore, Civ. No. 05-3042-CO (D. Or.) (filed May 31, 2005) (Parmelee I). In both actions, plaintiff alleges that defendants conspired to violate her civil rights.

In Parmelee I, this court granted the Parmelee defendants' motion to dismiss plaintiff's claims against them. This court concluded that plaintiff failed to adequately allege that the Parmelee defendants conspired with the Lake County defendants, or that the Parmelee defendants personally participated in the alleged violations of plaintiff's civil rights. Rather than file an amended complaint, plaintiff moved to dismiss the entire action without prejudice because plaintiff's attorney was suffering from an illness. This court granted the motion to dismiss, and plaintiff then filed this action.

### II. Plaintiff's Allegations

The following allegations are from the complaint, omitting allegations that concern only the Lake County defendants.

2 - OPINION AND ORDER

In August 2004, plaintiff obtained a restraining order against her husband, James Parmelee. After defendant Deputy Pore served the restraining order on Parmelee at the house where plaintiff and Parmelee were living, Pore allowed Parmelee to remove several bags of personal property from the house. Pore did not determine whether Parmelee owned the items. After Parmelee had left, plaintiff told Pore that Parmelee had taken property that wasn't his. Pore said that ownership issues would be resolved in the divorce proceedings, and refused to refer plaintiff's complaint about the missing property to the District Attorney for investigation.

In September 2004, plaintiff was moving hay to her new residence. Perry Parmelee, James Parmelee's father, telephoned the Lake County Sheriff's Office claiming that plaintiff was stealing hay, although the hay belonged to plaintiff.

Also in September 2004, Perry Parmelee and James Parmelee blocked a truck that was transporting a horse owned by plaintiff. The Parmelees claimed that they owned the horse and threatened to have the two women in the truck arrested for stealing the horse.

In November 2004, Pore went to plaintiff's house because James Parmelee alleged that "someone, probably his wife . . . had committed multiple criminal acts . . . including burglary, theft and malicious destruction of various items of marital and separate property." Compl., ¶ 25.

3 - OPINION AND ORDER

On December 1, 2004, Pore arrested plaintiff without a warrant and took her into custody for the theft of a dog. Compl. ¶¶ 31, 48(13). On December 2, 2004, plaintiff was released after the Lake County District Attorney decided not to bring charges against her.

Plaintiff alleges that from December 2004 through the date she filed the complaint,

> members of the Parmelee family, by phone and in person, attempted to contact, influence and badger, and contacted, influenced and badgered, the Lake County Sheriff, the Lake County District Attorney and/or the Lake County Circuit Judge into filing criminal charges against [plaintiff]. In particular, James R. Parmelee and Deanne Fulstone made numerous trips to the Lake County Courthouse to complain to, and demand that, [Lake County] file criminal charges and arrest [plaintiff], and prosecute [plaintiff], or authorize the filing of a restraining order against [plaintiff].

Compl. ¶ 38. Lois Parmelee, James Parmelee's mother, telephoned a Lake County Circuit Court judge in an attempt to "influence the pending divorce action" and to "solicit his assistance in getting felony charges filed against" plaintiff. Id.

On March 18, 2005, the Lake County District Attorney initiated grand jury proceedings regarding possible criminal charges against plaintiff.

On July 12, 2005, the Parmelee defendants orally offered to dismiss the pending criminal charges against plaintiff in exchange for a favorable resolution of the pending divorce proceedings.

4 - OPINION AND ORDER

In October and November 2006, plaintiff attempted to settle the pending criminal charges against her through a diversion agreement with the Klamath County Circuit Court, but James Parmelee "personally intervened and scuttled the proposed civil compromise between [plaintiff] and Deanne Fulstone due to his continued bitterness over the terms of the divorce and continued malice toward [plaintiff]." Compl. ¶ 45.

## STANDARDS

In determining whether a complaint fails to state a claim, the court takes allegations of material fact as true and construes them in the light most favorable to the nonmoving party. See Mishler v. Clift, 191 F.3d 998, 1002 (9th Cir. 1999).

## DISCUSSION

### I. Liability of Private Individuals under 42 U.S.C. § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must show that the defendant, while acting under color of state law, deprived the plaintiff of a federal constitutional or statutory right. Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). A private person may act "under color of state law" through joint action with a state official.[1] Franklin v. Fox, 312 F.3d 423,

---

[1] There are other tests for determining whether a private individual may be liable as a state actor, but only the joint action test is relevant here. Franklin v. Fox, 312 F.3d 423, 444-45 (mentioning the public function, joint action, state compulsion, and governmental nexus tests) (citing Johnson v. Knowles, 113 F.3d 1114, 1118-19 (9th Cir. 1997)).

5 - OPINION AND ORDER

445 (9th Cir. 2002). "A plaintiff may demonstrate joint action by proving the existence of a conspiracy or by showing that the private party was 'a willful participant in joint action with the State or its agents.'" Id. (quoting Collins v. Womancare, 878 F.2d 1145, 1154 (9th Cir. 1989)). The plaintiff must show a "substantial degree of cooperation" between government officials and the private individual. Id. "[T]here is no specific formula for defining state action." McDade v. West, 223 F.3d 1135, 1139 (9th Cir. 2000).

## II. Plaintiff's Allegations Against the Parmelee Defendants Are Not Sufficient to Show Color of State Law

### A. Reporting Alleged Crimes to Law Enforcement Officials

Plaintiff alleges that the Parmelee defendants reported to Lake County officials that plaintiff had committed crimes. For example, plaintiff alleges that James Parmelee reported to Deputy Pore that "someone, probably his wife" committed "burglary, theft and malicious destruction of various items of marital and separate property."

Reporting a crime to law enforcement, without more, does not show that the person reporting the crime acted under color of law. See Rivera v. Green, 775 F.2d 1381, 1384 (9th Cir. 1985); Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) ("provision of background information to a police officer does not by itself make [the private individual] a joint participant in state action under Section 1983"). Even if some

of the reported information is inaccurate, that by itself is insufficient to establish joint action. See <u>Arnold v. International Bus. Mach.</u>, 637 F.2d 1350, 1357-58 (9th Cir. 1981) (citing <u>Butler v. Goldblatt Bros., Inc.</u>, 589 F.2d 323, 327 (7th Cir. 1978)).

Here, taking plaintiff's allegations as true, the Parmelee defendants reported that plaintiff had committed crimes, and plaintiff was later arrested and charged. These allegations do not meet the joint action test. The court found no joint action in <u>Arnold</u>, where a task force including an IBM security employee, law enforcement officials, and the district attorney brought about the arrest and indictment of the plaintiff for stealing IBM's trade secrets. IBM was held not liable under § 1983 because it did not specifically direct the task force to act against the plaintiff, even though IBM had provided the task force with a security manager, information, funding, and witnesses, and the investigation concerned leaks of IBM's trade secrets. 637 F.2d at 1356-58.

Here, although the Parmelee defendants may have made reports that led eventually to plaintiff's arrest, plaintiff's allegations do not show that the Parmelee defendants conspired with or directed the actions of the Lake County defendants. Plaintiff alleges several incidents in which one of the Parmelee defendants reported a crime but no arrest was made.

7 - OPINION AND ORDER

Plaintiff cites <u>Howerton v. Gabica</u>, 708 F.2d 380 (9th Cir. 1983). However, in <u>Howerton</u>, there was extensive cooperation between the defendant landlords and the police during the eviction of the plaintiffs. The landlords repeatedly requested that police officers assist them, and police officers did in fact intervene at every step of the eviction process. There was evidence that the landlords "deliberately cloaked themselves with the authority of the state in effecting the repossession of the trailer premises." <u>Id.</u> at 384-85.

Joint action was also found in <u>United Steelworkers of America v. Phelps Dodge Corp.</u>, 865 F.2d 1539, 1540 (9th Cir. 1989) (en banc). The plaintiffs there were striking workers who brought a § 1983 claim against their employer, a mining company, alleging that the mining company conspired with law enforcement officials to have them arrested and jailed. The mining company, the principal employer in the small town and the owner of most of the town's rental property, had a close working relationship with local law enforcement, which included regular meetings and constant radio communication. <u>Id.</u> at 1543-45. The mining company employed the justice of the peace, whose duties included setting bail. There was evidence that mining company executives advocated the arrest of the plaintiffs, as well as incarceration after their arrest.

Here, unlike <u>Howerton</u> and <u>Phelps Dodge</u>, plaintiff's

allegations do not show the type of close working relationship between the Parmelee defendants and Lake County officials sufficient to show that the Parmelee defendants acted under color of state law.

   B.   "Badgering" Officials

   Plaintiff alleges that the Parmelee defendants "badgered" Lake County officials about taking action against her. She alleges that "James R. Parmelee and Deanne Fulstone made numerous trips to the Lake County Courthouse to complain to, and demand that, [Lake County] file criminal charges and arrest [plaintiff], and prosecute [plaintiff], or authorize the filing of a restraining order against [plaintiff]." She also alleges that Lois Parmelee, James Parmelee's mother, telephoned a judge for the Lake County Circuit Court and attempted to influence the pending divorce proceedings.

   Under the Petition Clause of the First Amendment[2], citizens have the right "to complain to public officials and to seek administrative and judicial relief." Estate of Morris ex rel. Morris v. Dapolito, 297 F. Supp. 2d 680, 692 (S.D.N.Y. 2004) (citing Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994)). This right includes "swearing out a criminal complaint" and "seeking [a person's] arrest." Id.; see also Lott

---

   [2] "Congress shall make no law . . . abridging . . . the right of the people . . . to petition the Government for a redress of grievances."

9 - OPINION AND ORDER

v. Andrews Ctr., 259 F. Supp. 2d 564, 568 (E.D. Tex. 2003) ("filing a criminal complaint with law enforcement officials" is protected by the First Amendment).

Here, the allegations of badgering do not establish that the Parmelee defendants conspired with, or "had some control or power" over the Lake County officials. Arnold, 637 F.2d at 1356; Mann v. City of Tucson, 782 F.2d 790, 793 (9th Cir. 1985) ("to establish the requisite proximate cause between the conduct of private persons and searches in violation of section 1983, a plaintiff must prove the private individuals exercised control over the decisionmaking in a police investigation"). If a private citizen advocates a particular action, and officials then take the proposed action, that is not sufficient to show a conspiracy between the private citizen and the officials. Otherwise, "every citizen who complained to a prosecutor would find himself in a conspiracy." Radcliffe v. Rainbow Constr. Co., 254 F.3d 772, 783 (9th Cir. 2001) (requiring evidence of an agreement or meeting of the minds). Here, plaintiff's vague allegation that the Parmelee defendants "influenced" Lake County officials, without more, also falls short of showing joint action. Nor do allegations that James Parmelee scuttled proposed settlement agreements show joint action.

C. **Threatening to Have Third Parties Arrested**

Plaintiff alleges that James Parmelee and his father, Perry

10- OPINION AND ORDER

Parmelee, threatened to have two women arrested for transporting an allegedly stolen horse. Plaintiff does not allege that anyone was arrested or charged with a crime as a result of this threat. Plaintiff's allegations do not indicate that Lake County officials were acting in concert with James or Perry Parmelee, and do not show that the Parmelee defendants were able to direct or control Lake County officials.

### D.  Using the Threat of Criminal Prosecution

Plaintiff alleges that from March 18, 2005, through the date of complaint was filed, the Parmelee defendants used the threat of criminal charges as a tactic in the divorce proceedings. Plaintiff and James Parmelee were divorced on February 15, 2006.

A private individual's threat to have criminal charges brought does not show that the private person is acting under color of state law, unless there are also allegations showing a conspiracy with officials. See Radcliffe, 254 F.3d at 783.

### E.  Section 1985 Conspiracy Claim

Plaintiff cites 42 U.S.C. § 1985 in her complaint. To state a claim under § 1985(3)[3], the plaintiff must show: (1) a conspiracy to deprive the plaintiff of equal protection under the

---

[3] Section 1985(3) provides, "If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws . . . the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators."

11- OPINION AND ORDER

law; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1141 (9th Cir. 2000). There must be a racial or otherwise class-based "invidious discriminatory animus." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268-69 (1993). Section 1985(3) does not extend its protection to classes beyond race unless the plaintiff can show that the government has determined that class members "require and warrant special federal assistance in protecting their civil rights." Orin v. Barclay, 272 F.3d 1207, 1217 n.4 (9th Cir. 2001).

Here, plaintiff's allegations indicate that the Parmelee defendants were angry at her because of contentious divorce proceedings. Plaintiff's allegations do not show an animus based on plaintiff's sex or her membership in any other protected class.

## II. Statute of Limitations

Because plaintiff has failed to state a civil rights claim against the Parmelee defendants, I will not address defendants' argument that plaintiff's claims are barred by the statute of limitations.[4]

---

[4] Contrary to the Parmelee defendants' argument, federal law determines when a § 1983 claim is commenced for statute of limitations purposes. Under federal law, a § 1983 claim commences when the complaint is filed. See Tveretinov v. City of Portland, Civ. No. 05-1413-PA, slip op. at 2-3 (D. Or. Oct. 20, 2006) (citing Sain v. City of Bend, 309 F.3d 1134, 1138 (9th Cir. 2002)).

### III. Dismissal With Prejudice

I conclude that dismissal must be with prejudice. The current complaint is plaintiff's second attempt to state § 1983 claims against the Parmelee defendants. Plaintiff's attorney indicated at oral argument that he stood by the current complaint and would not propose additional allegations. Allowing plaintiff to file an amended complaint would be futile.

### CONCLUSION

Defendants' motion to dismiss (#3) is granted with prejudice.

IT IS SO ORDERED.

DATED this 26 day of June, 2007.

*/s/ Owen M. Panner*

OWEN M. PANNER
U.S. DISTRICT JUDGE

13 - ORDER